# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:08CR00024 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| | ) By: James P. Jones |
| **BRYANT KELLY PRIDE**, | ) United States District Judge |
| | ) |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Bryant Kelly Pride, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), challenging his conviction and sentence for conspiracy to possess crack cocaine with intent to distribute. Upon review of the record, I find that the motion is without merit and will accordingly deny relief.

I

Bryant Kelly Pride was arrested on March 7, 2007 during a drug "buy-bust" operation involving a confidential informant. A grand jury of this court returned an Indictment charging that Pride intentionally possessed with the intent to distribute and distributed more than 50 grams of cocaine base. After the one-day trial, a jury

found Pride guilty.  Based on his prior felony drug convictions, I found that he qualified for a mandatory life sentence under 21 U.S.C.A. § 841(b)(1)(A) (West Supp. 2010) and, on October 5, 2007, I imposed that penalty.  Pride appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence.[1]

Eight months later, on May 28, 2008, another grand jury returned a one-count Indictment charging that Pride and fifty others conspired to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C.A. § 846 (West 1999 & Supp. 2010)  The evidence from the March 7, 2007 drug buy-bust operation was considered, along with evidence of Pride's other drug trafficking activities, to prove overt acts in furtherance of the conspiracy.  The government filed an Information pursuant to 21 U.S.C.A. § 851 on June 27, 2008, seeking to enhance Pride's sentence based on his prior felony drug convictions.

Pride pleaded guilty, pursuant to a written Plea Agreement, to the conspiracy charge.  Pursuant to the agreement, he waived his right to appeal and his right "to collaterally attack, in any future proceeding, any order issued in this matter and agree[d] . . . not [to] file any document which seeks to disturb any such order."  (Plea

---

[1] *See United States v. Pride*, Case No. 1:07CR00020 (W.D. Va. Oct. 5 2007), *affirmed*, 317 F. App'x 380 (4th Cir. 2009).

Agreement ¶ D(3).) Pride stipulated in the Plea Agreement that he had been convicted in North Carolina in 1997 for felony manufacturing of cocaine. He also stipulated that he should be subject to enhancements under the advisory United States Sentencing Guideline Manual ("USSG") for being an organizer/leader, pursuant to USSG § 3D1.1, and qualified as a Career Offender, pursuant to USSG § 4B1.1, because he had two prior felony drug convictions. In exchange for these concessions, the government agreed to dismiss four additional convictions from the § 851 Information, which allowed Pride to escape a mandatory life sentence on this offense. I found his guilty plea to be knowing and voluntary.

On March 3, 2009, I sentenced Pride to 360 months imprisonment to run concurrently with his previous sentence in Case No. 1:07CR00020. Pride did not appeal the conviction or sentence.

In his § 2255 motion challenging the conspiracy conviction and sentence, Pride alleges that (a) his prior convictions were not properly counted as felonies for purposes of enhancement under §841(b)(1)(A) or for determining his Career Offender status; (b) his prosecution for conspiracy violated double jeopardy prohibitions against successive prosecution and cumulative punishment for the same offense; (c) counsel's failure to investigate double jeopardy and prior convictions led the defendant to accept the Plea Agreement unknowingly, making his plea invalid; and

(d) counsel erroneously advised the defendant that he could not withdraw his guilty plea.

The government has filed a Motion to Dismiss, arguing that all claims must be dismissed as waived, pursuant to the Plea Agreement, or in the alternative, that the claims are without merit. Pride has responded, making the matter ripe for disposition.

II

In a § 2255 motion, the defendant bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Where the defendant's motion, when viewed against the record, does not state a claim for relief, the court should summarily dismiss the motion. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

A. PLEA AGREEMENT WAIVER OF § 2255 RIGHTS.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether the waiver is intelligent and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992)

(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). When a defendant alleges that ineffective assistance of counsel caused the guilty plea itself to be unknowing or involuntary, analysis of such claims must be part of the court's inquiry into the validity of the guilty plea and the plea agreement waiver of § 2255 rights. *See, e.g., Lemaster*, 403 F.3d at 221-22.

The court's waiver analysis must focus first on the defendant's statements during the plea hearing. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22. If the court determines that the defendant's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. *Id.* at 220 (internal quotation marks and citations omitted).

### B. PRIDE'S VALID GUILTY PLEA AND WAIVER.

Before accepting Pride's guilty plea, I questioned him thoroughly to ensure that his plea was knowing and voluntary. Pride stated that he was 37 years old and had completed the 12th grade in school. He denied that he had ever been treated for mental health problems or for drug or alcohol abuse. He also denied that he was

under the influence of drugs or alcohol at the time of the plea. He stated that he was taking medication for high blood pressure, but denied that this substance impaired his ability to understand and participate in the plea proceedings.

Pride affirmed that he had read and understood the charges and that he had signed and initialed the Plea Agreement as an indication that he had read and understood it. He also affirmed that he was fully satisfied with counsel's representation. Counsel for the government then summarized the terms of the Plea Agreement, and Pride affirmed that he had had adequate time to discuss the agreement with counsel, that he understood its terms, and that he was aware of the mandatory minimum sentence of twenty years he faced. Pride affirmed that he was pleading guilty because he was guilty and believed the plea to be in his best interests and that he was not pleading guilty because of any threats or promises.

I expressly questioned Pride about his understanding of the Plea Agreement provisions whereby he waived his right to bring a collateral attack under § 2255, and he affirmed his understanding of these waivers. I also advised him of the possible consequences of his plea and the trial rights he was waiving, the fact that the guidelines would be considered in the determination of sentence, and the possibility that I would not accept the stipulations in the plea, but he would still be bound by the plea, and he affirmed his understanding. I reviewed with Pride the elements of the

offense that the government would have to prove at trial, asked Pride if he understood, and he affirmed that he did.

The prosecutor then offered a summary of the evidence in support of the plea. Investigators had evidence that Pride was associated with Derrick Evans and Marcus Watkins and others in transporting large quantities of crack cocaine to the Bristol, Virginia and Bristol, Tennessee area between 2003 and 2007. They also had evidence that Pride had a network of drivers and runners who would distribute smaller quantities of crack cocaine for him in these areas. Pride did not dispute any of this evidence and affirmed his intention to plead guilty to the conspiracy charge.

Pride's statements during the guilty plea colloquy offered no indication that he was not competent to enter a valid guilty plea, that he did not understand the proceedings, or that he was not voluntarily pleading guilty. I find from this record that Pride's guilty plea and the waiver of his right to bring this collateral attack under § 2255 were knowing and voluntary and therefore, valid.

C. STATEMENTS DURING THE PLEA HEARING.

Pride asserts that the guilty plea and waiver of § 2255 rights are not valid because counsel did not provide effective assistance that led to his decision to plead. Specifically, Pride alleges that he asked counsel to investigate whether the conspiracy prosecution constituted double jeopardy and whether the North Carolina convictions

should not count toward Career Offender status, but counsel failed to do so. These claims, however, are based on assertions which are directly contradicted by Pride' statements under oath during the guilty plea hearing that he was fully satisfied with counsel's representation. Pride also stipulated in the Plea Agreement to his prior conviction. He had opportunity during the hearing to advise the court of any aspect of the Plea Agreement about which he had questions. Yet, under oath, he indicated that he fully understood the agreement's terms and was voluntarily pleading guilty because it was in his best interest to do so.

Based on the foregoing, I find that Pride's claims of ineffective assistance leading to his guilty plea are so "palpably incredible" as to warrant summary dismissal, because they are based on assertions directly contradicted by his statements during the guilty plea hearing.[2] *Lemaster*, 403 F.3d at 220-22. Pride's other claims — that he was wrongfully tried and sentenced twice for the same offense conduct, that his sentence was illegally enhanced,[3] and that counsel was ineffective for telling

---

[2] In any event, for the reasons stated below, these claims of ineffective assistance leading to the guilty plea have no merit and therefore cannot invalidate the guilty plea or the waiver of § 2255 rights.

[3] These claims of court error could have been raised on direct appeal and, accordingly, are barred by the procedural default doctrine from review on the merits in this § 2255 proceeding. *See Bousley v. United States*, 523 U.S. 614, 621 (1998).

him that he could not withdraw his guilty plea[4] — have no bearing on the validity of the guilty plea and the waiver of § 2255 rights. Therefore, these claims are waived pursuant to his Plea Agreement waiver of collateral attack rights. Because Pride fails to demonstrate any ground on which that waiver is invalid, he is bound by the waiver.

### D. NO INEFFECTIVE ASSISTANCE OF COUNSEL.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95.

---

[4] This claim is utterly without merit, because Pride cannot show any reasonable probability that attempting to withdraw his guilty plea would have resulted in a more favorable outcome. Several of his codefendants attempted to withdraw their guilty pleas, based on recantation of testimony by some trial witnesses. I found that the witnesses' prior testimony, implicating the codefendants in the drug conspiracy, was more credible than their recantations of that testimony. *See, e.g., United States v. Duty*, No. 1:08CR00024, 2009 WL 2424347 (W.D. Va. Aug. 6, 2009); *United States v. Baumgardner*, No. 1:08CR00024, 2009 WL 2424334 (W.D. Va. Aug. 6, 2009); *see also United States v. Vaughn*, No. 1:08CR00024, 2009 WL 2762159 (W.D. Va. Aug. 27, 2009) (denying motion to withdraw guilty plea; defendant lost benefit of guilty plea and received mandatory life sentence under § 841(b)(1)(A); *United States v. Evans*, 635 F. Supp. 2d 455, 464 (W.D. Va. 2009) (same).

When the defendant alleges that counsel's error led him to enter an invalid guilty plea, he can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

For the following reasons counsel's decision not to argue a double jeopardy bar and not to challenge enhancement of Pride's sentence based on his prior convictions was neither an unreasonable trial strategy nor prejudicial to Pride's defense.

A. Double Jeopardy.

Although the doctrine of double jeopardy protects criminal defendants against successive prosecutions and successive punishments for the same criminal offense, if the two offenses for which the defendant is tried or punished have some different elements, they are not the same offense so as to invoke the double jeopardy bar. *United States v. Dixon*, 509 U.S. 688, 696 (1993). It is well established that "conspiracy is a distinct crime from the overt acts that support it." *United States v. Ambers*, 85 F.3d 173, 178 (4th Cir. 1996). Therefore, prosecution for the substantive offense of possession with intent to distribute or distribution, in violation of 21 U.S.C.A. § 841(a)(1), does not bar concurrent or subsequent prosecution for conspiracy to possess with intent to distribute or distribution of a controlled

substance, in violation of § 846. *United States v. Felix*, 503 U.S. 378, 380-81 (1992) ("prosecution of a defendant for conspiracy, where certain of the overt acts relied upon by the Government are based on substantive offenses for which the defendant has been previously convicted, does not violate the Double Jeopardy Clause"); *United States v. Bayer*, 331 U.S. 532, 542 (1947) ("the same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses").

With the weight of this legal authority against him, I cannot find that counsel made an unreasonable strategic decision in choosing not to raise an argument that Pride's conspiracy prosecution was barred by double jeopardy, based on his prior conviction for possession with intent to distribute. Given the strength of the government's evidence of conspiracy, I also find no reasonable probability that absent counsel's alleged errors, Pride would have rejected the Plea Agreement and insisted on going to trial. The double jeopardy claim thus fails under both prongs of *Strickland*.

2. Prior Convictions.

Pride had two prior North Carolina convictions for possession of cocaine with intent to distribute in violation of N.C. Gen. Stat. 90-95(d)(2). He faults counsel for failing to argue that these convictions did not qualify as felony drug offenses for sentence enhancement purposes because: (a) as to the 1998 conviction, his sentence

was only six to eight months, and (b) the sentence of 16 to 20 months on the 2001 conviction resulted from consolidating the possession offense with other offenses for sentencing purposes. I cannot find that counsel was ineffective.

The United States Court of Appeals for the Fourth Circuit has held that state convictions like Pride's qualify as felony drug offenses for sentence enhancement purposes if the maximum sentence an offender with a serious criminal record could receive was more than one year, regardless of the defendant's own offense conduct and actual state sentence. *See United States v. Harp*, 406 F.3d 242, 245-47 (4th Cir. 2005) (finding that if the worst offender would be subject to more than one year under state statute, the conviction qualified as prerequisite conviction for Career Offender status under § 4B1.1). Counsel could reasonably have believed at the time of the guilty plea hearing that, in light of the *Harp* decision, the slim chance of success on Pride's proffered argument regarding his prior convictions was outweighed by the benefits of the Plea Agreement.[5] By the time of Pride's sentencing, a later decision had applied the principles set forth in Harp to the context of enhancement under § 841(b)(1)(A). *See United States v. Jones*, 270 F. App'x 268, 269-70 (4th Cir. 2008) (unpublished). Moreover, in light of the *Jones* decision, Pride cannot show a

---

[5] Through entry of the Plea Agreement, Pride avoided a mandatory life sentence in this case, pursuant to § 841(b)(1)(A), and achieved a three-point offense level reduction based on acceptance of responsibility.

reasonable probability that the outcome would have been different if counsel had argued before trial as Pride now wishes.  *See also United States v. Pride*, Case No. 1:07CR00020, 2011 WL 251211, at *3-4 (W.D. Va. Jan. 25, 2011).  Pride's claim thus fails under both prongs of *Strickland*.

III

For the stated reasons, I will grant the Motion to Dismiss and deny relief on Pride's § 2255 claims.

A separate Final Order will be entered herewith.

> DATED: February 11, 2011
>
> /s/ JAMES P. JONES
> United States District Judge