# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:07CR00020-001 |
| ) | Case No. 1:08CR00024-002 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| ) | |
| BRYANT KELLY PRIDE, ) | By: James P. Jones |
| ) | United States District Judge |
| ) | |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed motions in these two cases seeking to reduce his sentences pursuant to the First Step Act of 2018 (2018 FSA), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220, which made retroactive certain provisions of the Fair Sentencing Act of 2010 (2010 FSA), Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372. [1]

---

[1] Section 404 of the 2018 FSA provides in pertinent part as follows:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

I.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty range of 21 U.S.C. § 841(b)(1)(A) and at least 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40-years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

Both before and after the 2018 FSA, if the government gives appropriate notice prior to sentencing pursuant to 21 U.S.C. § 851, and the defendant is found to have been previously convicted of one or more certain types of drug crimes, the

---

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

minimum and maximum terms of imprisonment and minimum terms of supervised release are increased. 21 U.S.C. § 841(b)(1)(A), (B).[2]

While a defendant may be eligible for reduction in sentence, the 2018 FSA provides that the court is not required to reduce any sentence, *id.* at § 404(c). Accordingly, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted. *Cf. Dillon v. United States,* 560 U.S. 817, 827 (2010) (setting forth procedures for modifying sentences under retroactive guideline amendments). If eligible, a plenary resentencing is not appropriate, since the statute only authorizes the court to impose a "reduced sentence." 2018 FSA § 404(b).

II.

A.

Defendant Bryant Kelly Pride was indicted in this court in case number 1:07CR00020 on March 22, 2007, and charged in one count with possessing with the intent to distribute and distributing 50 grams or more of cocaine base in

---

[2] Under § 841(b)(1)(A) as it existed at the time of Pride's sentencings, the increase was to 20-years-to-life for one prior conviction and life imprisonment for two or more prior convictions. The 2018 FSA did away with mandatory life imprisonment for the third drug offense and reduced the 20-year mandatory minimum for a second drug offense to 15 years. 2018 FSA § 401(a)(2)(A)(i), (ii). The 2018 FSA also revised the type of prior convictions that triggered the increased penalties. *Id.* at § 401(a)(1). None of these changes were made retroactive. *Id.* at § 401(c). The increase for one or more prior convictions under § 841(b)(1)(B) of 10-years-to-life and a minimum of eight years supervised release was not changed.

violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  The United States filed an Information pursuant to 21 U.S.C. § 851, which established the defendant's prior convictions for more than two felony drug offenses, thus subjecting him to mandatory life imprisonment.

On June 15, 2007, after a one-day trial, a jury found Pride guilty and in answer to a special interrogatory with its verdict, determined that 50 grams or more of cocaine base was attributable to him.  According to his Presentence Investigation Report (PSR), Pride was found accountable for approximately 69.2 grams of cocaine base.  He was determined to be a career offender, and his sentencing guideline range was enhanced in accordance with U.S. Sentencing Commission Guidelines Manual (USSG) § 4B1.1.  He was found to have a total offense level of 37 and a criminal history category of VI.  Due to the statutory mandatory minimum, his sentencing guideline was life imprisonment.

On October 5, 2007, Pride was sentenced to the mandatory term of life imprisonment.  In addition, a term of 10 years of supervised release was imposed. On appeal, his conviction and sentence were affirmed. *United States v. Pride*, 317 F. App'x 380, 382 (4th Cir. 2009) (unpublished).  A later pro se motion to vacate the conviction and sentence made pursuant to 28 U.S.C. § 2255 was denied. *United States v. Pride,* No. 1:07CR00020, 2011 WL 251211 (W.D. Va. Jan. 25, 2011), *appeal dismissed,* 440 F. App'x 184 (4th Cir. 2011) (unpublished).

B.

On May 28, 2008, Pride was indicted in this court in a second case, case number 1:08CR00024, and along with multiple codefendants, charged with conspiring to possess with the intent to distribute and to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The United States again filed an Information to establish the defendant's prior convictions, subjecting him to mandatory life imprisonment if convicted.

On October 6, 2008, Pride pleaded guilty pursuant to a written Plea Agreement. The parties agreed that the government would dismiss all but one conviction under the § 851 Information, thus allowing him to escape another mandatory life term but subjecting him to a mandatory minimum of 20 years imprisonment and a maximum of life, as well as a 10-year term of supervised release. The parties also stipulated that the defendant was a career offender and that he should be subjected to a four-level enhancement as an organizer or leader in accordance with USSG § 3B1.1. According to the PSR, Pride was held accountable for at least 4.5 kilograms of cocaine base which, because it was higher than his career offender offense level, was used to determine his base offense level. He was determined to have a total offense level of 39 and a criminal history category of VI, yielding an advisory guideline range of 360 months to life imprisonment.

On March 3, 2009, Pride was sentenced to 360 months imprisonment, to be followed by 10 years of supervised release. His prison sentence was directed to run concurrently with the life sentence imposed in case number 1:07CR00020. No appeal was taken, but Pride later filed a pro se motion under § 2255, which was denied. *United States v. Pride,* No. 1:08CR00024, 2011 WL 610969 (W.D. Va. Feb. 11, 2011), *appeal dismissed*, 430 F. App'x 238, 239 (4th Cir. 2011) (unpublished).

The court subsequently reduced Pride's sentence in case number 1:08CR00024 from 360 months to 292 months imprisonment pursuant to the retroactive USSG Amendment 782, to run concurrently with the life sentence imposed in case number 1:07CR00020. Order, Mar. 4, 2015, 1:07CR00024, ECF No. 3255.[3]

According to the Probation Office of this court, Pride has served approximately 146 months of his concurrent sentences.

### III.

The parties agree that with respect to Pride's sentence in case number 1:07CR00020, he is eligible for reduction in sentence under the 2018 FSA. He is no longer subject to mandatory life imprisonment, although he is subject to a

---

[3] Pride also filed a motion to reduce his sentence in case number 1:08CR00024 under retroactive USSG Amendment 750. However, it was denied on the ground that even with a reduction of his base offense level to 36, his guideline level would remain the same. Order, Jan. 24, 2012, Case No. 1:08CR00024, ECF No. 2742.

statutory sentence based on his prior drug convictions of 10 years to life and supervised release of at least eight years. 21 U.S.C. § 841(b)(1)(B). Because he remains a career offender with a statutory maximum of life, his guideline range is 360 months to life. USSG § 4B1.1 (2018). The United States suggests a reduced sentence of not less than 360 months, with a reduced term of supervised release of eight years.[4] However, with respect to case number 1:08CR00024, the United States argues that the defendant is ineligible for a reduction in sentence in light of the drug weight attributed to him at sentencing in that case. The defendant argues that he is entitled to reduction in both cases and seeks concurrent sentences of 151 months or time served, to be followed by concurrent terms of supervised release of eight years.

As to case number 1:08CR00024, the United States contends that because the offense involved at least 4.5 kilograms of cocaine base, as established by the PSR, it involved a drug quantity over the revised threshold of 280 grams

---

[4] The United States does not argue that a modification of the sentence under the 2018 FSA precludes a sentence below the now-applicable guideline range, since that guideline was produced by the application of the 2018 FSA, and not by extraneous guideline factors. It does argue against a downward variance "to ensure parity with defendants who were sentenced after the Fair Sentencing Act and were not eligible for consideration of sentences below the guideline range at the implementation of the [two level] reduction granted by Amendment 782." Resp. to Mot. 7, Case No. 1:07CR00020, ECF No. 189. While I respect that argument, the reductions authorized by the 2018 FSA were not limited by Congress in the manner that the Sentencing Commission limited Amendment 782, and I believe it would be unfair to those sentenced before the 2010 FSA to preclude variances for them, if they otherwise qualify for reduction in sentence. The absence of complete justice to those sentenced to what Congress has found to be excessive sentences should not prevent an effort to provide justice at least to some.

established in the 2010 FSA. The government argues that Pride was thus properly sentenced to 360 months — within the statutory range of 20 years to life under § 841(b)(1)(A). The government contends that the court may rely on the drug weight found in the PSR, despite the principles announced in *Alleyne v. United States*, 570 U.S. 99 (2013), and *Appendi v. New Jersey*, 530 U.S. 466 (2000), because it has been held that these principles are not applicable retroactively on collateral review. Alternatively, the government contends that even if Pride is eligible for a reduction below the statutory range set out in § 841(b)(1)(A), the court should not exercise its discretion to do so. It bases this argument in part on the ground that the court should at least take into account the drug weight found in the PSR, to reflect the serious nature of Pride's crime. *See* 18 U.S.C. § 3553(a)(2)(A) (providing that in determining a sentence, the court should consider the need to reflect the seriousness of the offense).

Pride asserts that the drug weight, as a element of the offense, must be specifically charged, and because the Indictment in Pride's 2008 case charged 50 grams or more of crack cocaine and did not charge the revised amount of 280 grams or more of crack cocaine, Pride is entitled to relief, regardless of the actual drug weight. Pride contends that the principles announced in *Alleyne* and *Appendi*, even if held not to be retroactive when seeking collateral relief, are applicable here

because § 404(b) is "a new statutory remedy that Congress expressly made retroactive." Reply 7, Case No. 1:08CR00024, ECF No. 3707.

Pursuant to § 404, a defendant is eligible for reduction if he was convicted of a "covered offense" before the effective date of the 2010 FSA and is not otherwise excluded by the limitations of § 404(c).[5] Pride was convicted of a covered offense since he was convicted pre-2010 FSA of "a violation of a Federal criminal statute, the statutory penalties for which were modified by [the 2010 FSA]." § 404(a). None of the exclusions of § 404(c) apply to him. Under the 2018 FSA, the quantity of drugs involved in the conviction are not a condition of eligibility, whether such quantity was charged in the indictment, found by a jury, admitted by the defendant, or determined in a presentence investigation report. *See United States v. Boulding,* No. 1:08-cr-65-01, 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019).

However, there is another condition relating to any sentence reduction under the 2018 FSA. The reduction must be "*as if* sections 2 and 3 of the Fair

---

[5] Section 404(c) provides as follows:

LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 2018 FSA § 404(b) (emphasis added). As the parties have recognized, determining the sentence that Pride would have received if sections 2 and 3 of the 2010 FSA were in effect turns on whether I rely on the drug weight attributed to him in the PSR or on the weight charged in the Indictment. I join many other district judges in finding that I cannot rely on the drug weight found in the PSR in light of *Apprendi* and *Alleyne*. S*ee, e.g.*, *United States v. Smith*, No. 7:04-CR-0072-4, 2019 WL 2092581 (W.D. Va. May 13, 2019). However, I depart in some ways from the reasoning found in other cases and from that set out by the parties in this case.

The government is correct that neither *Apprendi* nor *Alleyne* are retroactive on collateral review. *See United States v. Stewart*, 540 F. App'x 171, 172, at n* (4th Cir. 2013) (unpublished) (noting that *Alleyne* has not been made retroactive on collateral review); *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001) (finding that *Apprendi* is not retroactive on collateral review under the rule set out in *Teague v. Lane*, 489 U.S. 288 (1989)). However, that does not end the analysis. Although a sentence reduction is a form of collateral review, *see Wall v. Kholi*, 562 U.S. 545, 551 (2011), it is not the case that nonretroactivity principles necessarily apply in sentence reductions. Instead, in *Danforth v. Minnesota*, the Supreme Court stated that the rule established in *Teague*, by which courts determine whether

new constitutional rules of criminal procedure will apply to cases that have become final before the new rule was announced, "was meant to apply only to federal courts considering habeas corpus petitions challenging state-court criminal convictions." 552 U.S. 264, 279 (2008). Thus, a determination under *Teague* that a rule is not retroactive on collateral review "speaks only to the context of federal habeas." *Id.* at 281.

Determining whether new constitutional rules apply in the context of sentence reductions when the initial sentence became final before the new rule was announced is an inquiry distinct from that set out in *Teague*. *United States v. Fanfan*, 558 F.3d 105, 108 (1st Cir. 2009). In *Fanfan*, the First Circuit considered 18 U.S.C. § 3582(c)(2), which permits reduction of a sentence of imprisonment where the Sentencing Commission has lowered an advisory sentencing range, provided the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." The court held that determining whether new rules apply to sentence reductions under § 3582(c)(2) "is analytically distinct from the question of retroactivity" set out in *Teague*. *Fanfan,* 558 F.3d at 108. The Supreme Court's reasoning in *Dillon* supports this approach. In *Dillon*, the Court held that the new rule established in *United States v. Booker*, 543 U.S. 220 (2005) — that treating the Sentencing Guidelines as mandatory violated a defendant's Sixth Amendment right to be tried by a jury and have every element of an offense

proved by the government beyond a reasonable doubt — does not apply in sentence reductions under § 3582(c)(2). *Dillon*, 560 U.S. at 828–830. In so holding, the Court did not apply *Teague's* retroactivity rule; rather, it considered the text and scope of § 3582(c)(2). *Id.* at 826.

Although sentence reductions pursuant to the 2018 FSA are based on 18 U.S.C. § 3582(c)(1)(B), providing that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute," the Court's analysis in *Dillon* of whether *Booker* applies to sentence reductions under § 3528(c)(2) is nonetheless instructive in this case. In *Dillon*, the Court held that "proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." 560 U.S. at 828. The Court reasoned that this right is not implicated because § 3582(c)(2) confines the extent of the sentence reductions it authorizes — it requires the court to take the defendant's original sentence as a given and reduce it by substituting only the Sentencing Guidelines amendment that gave rise to the reduction proceeding. *Id.* at 827–28. The Court found that "[t]aking the original sentence as given, any facts found by a judge at a § 3582(c)(2) proceeding do not serve to increase the prescribed range of punishment; instead, they affect only the judge's exercise of discretion within that range," which is permissible under *Apprendi*. *Id.* at 828, 828–29; *see also Fanfan*, 558 F.3d at 110 ("Given the narrow scope of sentence

modification proceedings, there is no concern that a district court in such a proceeding will make factual findings that in turn will raise a defendant's sentence beyond the level justified by the facts established by a plea of guilty or a jury verdict.") (internal quotation marks and citations omitted).

The same is not true for sentence reductions pursuant to the 2018 FSA. Section 3582(c)(1)(B) does not establish procedures like those in § 3582(c)(2) that narrow the scope of the sentence reduction. Instead, because statutory minimum and maximum sentences under the 2010 FSA are keyed to drug weight, it is that fact that confines the extent of any sentence reduction in the first instance. Thus, relying on the drug weight attributed to defendants in their PSRs, rather than that charged in the indictment, affects more than the judge's discretion within a prescribed statutory range — it determines the prescribed range, and it may raise a defendant's sentence beyond the level otherwise justified by a guilty plea or jury verdict on the drug weight charged in the indictment. Therefore, it triggers the collective requirement of *Apprendi* and *Alleyne* that facts that increase the penalty for a crime beyond the prescribed statutory maximums and minimums be charged in the indictment. Accordingly, because the drug weight attributed to Pride in the PSR was not charged in his Indictment, I will not rely on it in this proceeding.

IV.

Because Pride is eligible for sentence reduction in both cases, and in accord with 18 U.S.C. § 3553(a), I agree with the government that I should consider Pride's offense conduct, as well as any post-conviction rehabilitation or lack thereof, in determining whether or not to reduce a sentence and the extent of any such reduction. *See Pepper v. United States*, 562 U.S. 476, 480 (2011) (noting that it is "highly relevant — if not essential — to the selection of an appropriate sentence [to possess] the fullest information possible concerning the defendant's life and characteristics") (alterations and citation omitted).

I have carefully reviewed Pride's PSRs, which include his criminal history and his offense conduct. I have also considered the reports of his behavior while in federal prison. He has engaged in numerous education courses and has been discipline-free since 2008. He had only two discipline incidents prior to that, both of which were minor in nature. His interaction with staff and other inmates is reported to have been appropriate. He has expressed no mental health concerns and completed a drug treatment program in 2012. He is assigned at present to a medium security facility. He is 47 years old, 10 years older than his last conviction. By letter to the court, he expressed remorse for his past conduct

On the other hand, as emphasized by the government, Pride has a serious drug trafficking history, as shown by three separate state felony cocaine

convictions before the instant case. He was one of the leaders of an extensive crack cocaine trafficking conspiracy involving over 50 individuals and lasting nearly four years.[6] Pride not only manufactured cocaine base, but was a main source of supply for the conspiracy. He was observed possessing firearms during the conspiracy, including a "TEC-9 type" assault pistol. PSR ¶ 140, Case No. 1:08CR00024, ECF No. 3652.

Considering all of these facts, I find that Pride's sentences should be reduced. I find that an appropriate reduction in case number 1:07CR00020 is to a sentence of 240 months, and that in case number1:08CR00024, to a sentence of 240 months, to run concurrently with the sentence in case number 1:07CR00020, together with concurrent terms of supervised release in both cases of eight years.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Reduce Sentence in case number 1:07CR00020, ECF No. 183, is GRANTED;

2. The Motion to Reduce Sentence in case number 1:08CR00024-002, ECF No. 3643, is GRANTED;

3. Defendant Bryant Kelly Pride's sentence in case number 1:07CR00020 is reduced to 240 months and his sentence in case number

---

[6] A detailed description of the conspiracy and its scope is found in *United States v. Baumgardner*, No. 1:08CR00024, 2009 WL 2424334 (W.D. Va. Aug. 6, 2009), *aff'd sub nom. Stallworth v. United States,* 466 F. App'x 218 (4th Cir.) (unpublished), *cert. denied,* 132 S. Ct. 2696 (2012).

1:08CR00024 is reduced to 240 months, to run concurrently with the sentence in case number 1:07CR00020;

4. Upon release from imprisonment, the defendant must serve a term of supervised release of eight years in each case, the terms of supervised release to run concurrently;

5. The sentencing judgments in these cases otherwise remain the same and

6. The Probation Office shall provide a copy of this Opinion and Order to the Bureau of Prisons forthwith.

ENTER: June 11, 2019

/s/ *James P. Jones*
United States District Judge